```
              IN THE UNITED STATES DISTRICT COURT
                 WESTERN DISTRICT OF LOUISIANA
                     LAKE CHARLES DIVISION


UNITED STATES OF AMERICA       *   Docket No. 6:16-CR-00036
                               *
                               *
VERSUS                         *   February 23, 2016
                               *
                               *
BRET BROUSSARD                 *   Lafayette, Louisiana

*****************************************************************

       REPORTER'S OFFICIAL TRANSCRIPT OF THE PLEA HEARING
          BEFORE THE HONORABLE PATRICIA MINALDI,
              UNITED STATES DISTRICT JUDGE

*****************************************************************

                     A P P E A R A N C E S


FOR THE GOVERNMENT:  ALEXANDER C. VAN HOOK
                     U.S. Attorney's Office
                     300 Fannin Street, Suite 3201
                     Shreveport, LA 71101
                     Email:  alexander.van.hook@usdoj.gov
                     Phone:  (318) 676-3600
                     Fax:    (318) 676-3660


                     TONA BOYD
                     U.S. Dept. of Justice, Civil Rights Div.
                     950 Pennsylvania Avenue N.W.
                     Washington, DC  20530
                     Email:  tona.boyd@usdoj.gov
                     Phone:  (202) 514-3204
                     Fax:    (202) 514-8336



FOR THE DEFENDANT:   BRETT L. GRAYSON
                     Law Office of Brett L. Grayson
                     130 Rue Beauregard, Suite A
                     Lafayette, Louisiana  70508
                     Email:  blgraysonesq@gmail.com
                     Phone:  (337) 706-7646
                     Fax:    (337) 706-7648
```

**Deidre D. Juranka, RPR**

**United States Court Reporter**

**Western District of Louisiana**

REPORTED BY:         DEIDRE D. JURANKA, RPR
                     611 Broad Street, Suite 267
                     Lake Charles, Louisiana 70601
                     Email:  dd_juranka@lawd.uscourts.gov
                     Phone:  (337) 214-6669
                     Fax:    (337) 437-3390

```
 1                    COURT PROCEEDINGS
 2              (Call to order of the court.)
 3         MR. VAN HOOK:  Your Honor, the next plea for your
 4   consideration this morning is United States versus Bret
 5   Broussard which has been assigned Criminal
 6   No. 6:16-0036.  At this time the United States would
 7   offer the executed Rule 11 package which contains a
 8   Waiver of Indictment, Bill of Information, Elements of
 9   the Offense, Affidavit of Understanding of Maximum
10   Penalty and Constitutional Rights, a Plea Agreement, and
11   a Factual Stipulation in Support of the Plea.
12         THE COURT:  Thank you.  Mr. Grayson, long time no
13   see.
14         MR. GRAYSON:  Nice to see you, Judge.
15         THE COURT:  How are you doing?
16         MR. GRAYSON:  I'm doing well.
17         THE COURT:  You represent Mr. Broussard on this
18   case?
19         MR. GRAYSON:  I do, Your Honor.
20         THE COURT:  Have you gone over the plea packet with
21   him?
22         MR. GRAYSON:  Extensively.
23         THE COURT:  I'm sure you have.  Do you feel like he
24   understands it?
25         MR. GRAYSON:  I do.
```

1          THE COURT:  Have you talked with him about the
2     impact the sentencing guidelines may have on his
3     sentence?
4          MR. GRAYSON:  Yes, I have.
5          THE COURT:  Do you feel like he understands that?
6          MR. GRAYSON:  As well as the two of us can
7     understand it.
8          THE COURT:  I understand.  Mr. Broussard, please
9     raise your right hand.
10               (Oath is administered.)
11          THE COURT:  Mr. Broussard, I'm told you want to
12     plead guilty -- I'm sorry.  Give me your full name for
13     the record, please.
14          THE DEFENDANT:  Bret Broussard.
15          THE COURT:  I'm told you want to plead guilty this
16     morning to deprivation of rights under color of law.  Is
17     that correct?
18          THE DEFENDANT:  Yes, Your Honor.
19          THE COURT:  Before I can accept your guilty plea, I
20     need to go over some of the documents contained in this
21     plea packet with you.  And Mr. Grayson has told me that
22     he's gone over that plea packet with you.  Is that
23     correct?
24          THE DEFENDANT:  Yes, Your Honor.
25          THE COURT:  Do you feel like you understand it?

1      THE DEFENDANT: Yes, Your Honor.
2      THE COURT: He's also told me that he has talked
3  with you about the impact the sentencing guidelines may
4  have on your sentence. Is that correct?
5      THE DEFENDANT: Yes, Your Honor.
6      THE COURT: Feel like you understand that?
7      THE DEFENDANT: Yes, Your Honor.
8      THE COURT: Let's turn to the Elements of the
9  Offense. You have a copy of that in front of you?
10     MR. GRAYSON: Yes, Your Honor.
11     THE COURT: This document contains the things that
12 the Government would have to prove beyond a reasonable
13 doubt before you could be convicted of this offense and
14 those things are, number one, that you acted under color
15 of law; two, that you deprived S.S., a person in the
16 United States, of a right protected or secured by the
17 Constitution and laws of the United States, here the
18 right to due process of law which includes the right to
19 be free from the use of excessive force amounting to
20 punishment by a sheriff's deputy; three, that you acted
21 willfully; and four, that the offense resulted in bodily
22 injury to the victim or involved the use of a dangerous
23 weapon. Do you understand what the Government would
24 have to prove?
25     THE DEFENDANT: Yes, Your Honor.

1  THE COURT: Let's turn now to the Affidavit of
2  Understanding of Maximum Penalty and Constitutional
3  Rights. This document tells you the penalty that you
4  face when convicted and goes on to describe for you the
5  constitutional rights that you give up when you enter
6  this plea. Let's talk first about the penalty.
7  If convicted of this offense you face a term of
8  imprisonment of not more than ten years, a fine of not
9  more than $250,000, a term of supervised release for not
10  more than three years, and a special assessment of $100
11  which is mandatory. Do you understand the penalty that
12  you face?
13  THE DEFENDANT: Yes, Your Honor.
14  THE COURT: Penalty contains a term of supervised
15  release which means, if you are incarcerated on this
16  offense, when you are released from incarceration your
17  release will be supervised by a probation officer to
18  whom you will have to report on a regular basis. There
19  will be conditions placed on that release, things that
20  you must do and things that you cannot do. It's
21  important that you abide by the terms of your supervised
22  release because, if you don't, you could be brought back
23  to court, your release could be revoked, if that happens
24  you could end up going back to prison and possibly
25  facing more than the maximum penalty for this offense.

1       Do you understand that?
2              THE DEFENDANT:  Yes, Your Honor.
3              THE COURT:  You have the right go to trial in this
4       matter.  Let me say this first.  Mr. Grayson has also
5       talked with you about the impact the sentencing
6       guidelines could have on your sentence; is that right?
7              THE DEFENDANT:  Yes, Your Honor.
8              THE COURT:  Do you feel like you understand that?
9              THE DEFENDANT:  Yes, Your Honor.
10             THE COURT:  If your guilty plea is accepted here
11      this morning, a probation officer is going to do an
12      investigation into your background and the particular
13      circumstances of this offense.  Once that investigation
14      is complete, the facts learned in the investigation will
15      be applied to the sentencing guidelines.  And when that
16      happens, it will yield a range of sentence that Congress
17      says is appropriate for you under these circumstances.
18      If I think it's inappropriate -- I must consider the
19      range the sentencing guidelines give me; but if I think
20      it's inappropriate, I can give you something less or
21      something more as long as I remain within the bounds of
22      the law and have a good reason for not accepting the
23      guidelines.  Do you understand that?
24             THE DEFENDANT:  Yes, Your Honor.
25             THE COURT:  If you are unhappy with your sentence,

```
 1         you would have the right to appeal your sentence but you
 2         couldn't withdraw your guilty plea.  Do you understand
 3         that?
 4              THE DEFENDANT:  Yes, Your Honor.
 5              THE COURT:  You have the right to go to trial in
 6         this matter.  If you went to trial, Mr. Grayson would
 7         represent you, we'd select a jury of 12 people to hear
 8         your case, and all 12 of those jurors would have to
 9         agree that the Government had proved its case beyond a
10         reasonable doubt before you could be convicted of any
11         offense.  But when you plead guilty you give up your
12         right to trial, to that 12 person jury and that
13         unanimous verdict.  Do you understand that?
14              THE DEFENDANT:  Yes, Your Honor.
15              THE COURT:  If you went to trial, you'd have the
16         right to see the witnesses called against you and ask
17         them questions; but when you plead guilty you give up
18         your right to see those witnesses and ask them
19         questions.  Do you understand that?
20              THE DEFENDANT:  Yes, Your Honor.
21              THE COURT:  You have a privilege against
22         self-incrimination which means no one could force you to
23         testify against yourself, but when you plead guilty you
24         are testifying against yourself so you give up that
25         privilege.  Do you understand that?
```

```
 1            THE DEFENDANT:  Yes, Your Honor.
 2            THE COURT:  If you went to trial, you'd have the
 3     right to take the witness stand in your own defense; but
 4     when you plead guilty you give up that right.  Do you
 5     understand that?
 6            THE DEFENDANT:  Yes, Your Honor.
 7            THE COURT:  You have the right to be represented at
 8     all times by counsel of your choice or by
 9     court-appointed counsel if you cannot afford your own.
10     Mr. Grayson, are you retained or appointed?
11            MR. GRAYSON:  Retained, Your Honor.
12            THE COURT:  You've retained Mr. Grayson.  And I
13     want to let you know that if for any reason you became
14     indigent during these proceedings and you couldn't
15     afford his services any longer, I would appoint someone
16     to represent you.  But no matter what, you would be
17     represented by counsel during trial.  And if
18     convicted -- I don't know what your arrangements are
19     with Mr. Grayson; but if convicted, someone would
20     represent you on appeal.  But when you plead guilty you
21     give up your right to trial and to appeal the verdict of
22     guilt so you also give up your right to be represented
23     during those proceedings.  Do you understand that?
24            THE DEFENDANT:  Yes, Your Honor.
25            THE COURT:  Let's turn to the Plea Agreement.  The
```

```
 1        Plea Agreement outlines in detail and in writing the
 2        obligations that you have to the Government because of
 3        this plea and the obligations the Government has to you
 4        because of this plea.  Is there anything about those
 5        obligations you don't understand or have any questions
 6        about?
 7                THE DEFENDANT:  No, Your Honor.
 8                THE COURT:  Anyone force, threaten or coerce you to
 9        enter this plea?
10                THE DEFENDANT:  No, Your Honor.
11                THE COURT:  Anybody promise you anything that's not
12        contained in the Plea Agreement?
13                THE DEFENDANT:  No, Your Honor.
14                THE COURT:  Let's turn to the Stipulated Factual
15        Basis.  Oh.  As with all the other defendants here this
16        morning, you have waived your right to an Indictment
17        which is the document that's issued when a grand jury
18        hears the evidence of the case and decides there's
19        enough evidence to hold you over for trial; but you also
20        have the right to waive that Indictment and be charged
21        by a Bill of Information which is when the U.S. Attorney
22        or one of her assistants files a Bill of Information.
23        So you've chosen to waive that Bill of Indictment.  Is
24        that what you want to do?
25                THE DEFENDANT:  Yes, Your Honor.
```

1	THE COURT:  All right.  Let's turn to the
2	Stipulated Factual Basis.  I'm not going to read this
3	word for word, but I am going to go over what I think
4	are the more important points to make sure this is what
5	you agree happened in this case because I'm told that
6	you and the Government agree happened -- agree to this
7	document.  It tells me that you admit that while acting
8	under color of law while aided and abetted by others you
9	willfully deprived S.S., a pretrial detainee, of the
10	right not to be deprived of liberty without due process
11	of law which includes the right to be free from the use
12	of excessive force amounting to punishment by a law
13	enforcement officer in violation of federal law.
14	You were employed by the Iberia Parish Sheriff's
15	Office and served as a lieutenant of the narcotics unit
16	in April of 2011.  On April 29th of 2011 you were called
17	to the Iberia Parish Jail to assist with a shakedown.
18	During the course of the shakedown, you stood with IPSO
19	supervisors, a supervisor at the IPJ, and other members
20	of the IPSO narcotics unit as those officers had inmate
21	S.S. on his knees in the hallway of the jail.
22	One of the IPS supervisors asked the IPJ
23	supervisor, "Where is a place at the jail without a
24	camera?"  And the IPJ supervisor responded, "The
25	chapel."  The IPSO supervisor directed the deputies of

```
1        the narcotics unit to "take care," that's in quotations,
2        of the inmate.  It tells me that you understood those
3        deputies intended to use unlawful force against inmate
4        S.S. to punish him and were going to take the inmate to
5        a place where they could not be seen on camera.
6             Knowing their intent and intending to further their
7        unlawful objective, you followed the other officers to
8        the chapel with inmate S.S. In the chapel you watched as
9        a deputy sheriff struck S.S. numerous times with a baton
10       and while S.S. was compliant, kneeling on the chapel
11       floor and presenting no threat to anyone.  S.S. reacted
12       after each strike as if the strike caused him pain.  You
13       recognized that you had a duty to intervene and stop the
14       unjustified use of force on that inmate.  Nevertheless,
15       you willfully chose not to intervene to stop the beating
16       despite having the opportunity to do so and being one of
17       the senior officers in the chapel.
18            You then watched as a deputy sheriff with a baton
19       placed the baton between his own legs and forced S.S. to
20       mimic performing fellatio on the baton until he choked.
21       You watched and did nothing to stop the deputy
22       assaulting S.S. even though you knew you had the duty to
23       intervene and had the opportunity to do so.
24            Is that what happened?
25            THE DEFENDANT:  Yes, Your Honor.
```

1   THE COURT: And to the charge of deprivation of
2   rights under color of law, how do you plead?
3   THE DEFENDANT: Guilty, Your Honor.
4   THE COURT: Are you satisfied with the
5   representation that Mr. Grayson has provided to you?
6   THE DEFENDANT: Yes, Your Honor.
7   THE COURT: I'll accept your guilty plea and set
8   sentencing for 5/24/16 at 11:00 a.m.
9   MR. GRAYSON: He also, Your Honor, has not had
10  conditions of release set; and we request that he be
11  allowed to be on bond, ROR bond.
12  THE COURT: Any objection?
13  MR. VAN HOOK: No objection, Your Honor. Same
14  condition that he not possess a firearm.
15  THE COURT: So ordered.
16  MR. GRAYSON: He does possess firearms, Your Honor,
17  one of which was issued by the department for whom he's
18  employed and some personal firearms. We request that he
19  have time within which to move or release those firearms
20  to others.
21  THE COURT: To others?
22  MR. GRAYSON: Someone other than himself. Some to
23  go back to the Iberia Parish Sheriff's Office. However,
24  he's going to dispose of those which he personally owns
25  with someone else other than who he lives with.

Case 6:16-cr-00036-DEW-CBW Document 5 Filed 03/02/16 Page 14 of 14 PageID #: 38

14

1        THE COURT: All right. And I'll ask Probation to
2 oversee that and make sure that happens.
3        MR. VAN HOOK: Your Honor, we'd ask that he not
4 possess firearms after the end of the day.
5        THE COURT: Is that enough time?
6        THE DEFENDANT: Yes, Your Honor.
7        THE COURT: Okay. So ordered.
8        MR. GRAYSON: Thank you, Your Honor.
9        THE COURT: Thank you.
10            (Proceedings adjourned.)
11
12
13              * * * * * *
14
15
16              **CERTIFICATE**
17
18   I hereby certify this 2nd day of March, 2016, that the
19 foregoing is, to the best of my ability and understanding, a
20 true and correct transcript of the proceedings in the
21 above-entitled matter.
22
23                          S/Deidre D. Juranka, RPR
24                          Official Court Reporter
25

**Deidre D. Juranka, RPR**
**United States Court Reporter**
**Western District of Louisiana**