**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

---

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION: 16-00036-01 |
| VERSUS | JUDGE DONALD E. WALTER |
| BRET BROUSSARD (01) | MAG. JUDGE WHITEHURST |

---

**MEMORANDUM ORDER**

Before the Court is a Motion to Dismiss and to Vacate Guilty Plea [Doc. #12], filed by Defendant Bret Broussard. Defendant Broussard argues that his guilty plea is premised on a prosecution undertaken in violation of the Federal Vacancies Reform Act and Article II, section 2, clause 2 of the United States Constitution ("the Appointments Clause"), such that all actions related thereto, including Defendant Broussard's plea agreement, are void *ab initio*. [Docs. ##12, 14, and 16]. The Government opposes the motion, arguing, first, that Defendant Broussard waived all non-jurisdictional challenges to his prosecution by pleading guilty, and alternatively, that the motion fails on its merits for several reasons. [Doc. #15]. Upon due consideration of the parties' briefs, including Defendant Broussard's supplemental memorandum in reply, this Court agrees with the Government.

At the outset, the Court finds that Defendant Broussard has indeed waived the instant challenges by knowingly, voluntarily, and with the advice of counsel, pleading guilty to the Bill of Information in this case. [Docs. ## 1–5]. "It is well settled that by entering a plea of guilty, a defendant ordinarily waives all non-jurisdictional defects in the proceedings below." *United States v. Bell*, 966 F.2d 914, 915 (5th Cir. 1992); *see United States v. Easton*, 937 F.2d 160, 161-62 (5th Cir. 1991) (failure of United States Attorney to sign indictment was a non-jurisdictional defect that the defendant waived by pleading guilty). "Even post-plea appeals that call into question the government's authority to bring a prosecution or congressional authority to pass the statute in

question are generally not 'jurisdictional[.]'" *United States v. Yousef*, 750 F.3d 254, 260 (2d Cir. 2014) (citing *Lamar v. United States*, 240 U.S. 60 (1916)).

Nevertheless, assuming Defendant Broussard did not waive the instant challenges, the Court finds that the motion fails on its merits. First, despite the novel arguments set forth by Defendant Broussard, the Court finds that the parameters established by the Federal Vacancies Reform Act ("FVRA"), 5 U.S.C. §§ 3345–3349d, apply to the performance of *non-delegable* functions or duties of certain offices of Executive agencies, for which appointment is made by the President and confirmed by the Senate. *See* 5 U.S.C. §§ 3345–3347, 3348(a)(2). Those parameters did not act to limit or invalidate Principal Deputy Assistant Attorney General Vanita Gupta's authority as it related to this prosecution. Furthermore, the broad authority of the Attorney General and Assistant Attorney General to delegate to trial counsel the general functions set forth in 28 C.F.R. § 0.50 is consistent with the rationale of Fifth Circuit case law, as well as the Code of Federal Regulations, 28 C.F.R. § 0.13. *See e.g., United States v. Cravero*, 545 F.2d 406, 410 (5th Cir. 1976) (citing *United States v. Morris*, 532 F. 2d 436, 439–40 (5th Cir. 1976)). Second, even if Ms. Gupta acted in violation of the FVRA, the United States Attorney has the independent, plenary power to enforce federal criminal statutes, including but not limited to 18 U.S.C. § 242, as relevant to this case. *See* 28 U.S.C. §§ 515, 547 and 28 C.F.R. § 0.50; *see also* Doc. #1 (Bill of Information, signed by both the United States Attorney for the Western District of Louisiana and the Principal Deputy Assistant Attorney General for the Department of Justice). Accordingly, the motion [Doc. #12] is **DENIED**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 13th day of March, 2017.

_____
DONALD E. WALTER
UNITED STATES DISTRICT COURT